IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA VIGIL, individually and on behalf of other members of the general public similarly situated, etc.,<br><br>Plaintiff,<br><br>v.<br><br>HMS HOST USA, INC., HOST INTERNATIONAL, INC., CHRISTIAN HENRY, and DOES 1-10, inclusive,<br><br>Defendant. | No. C 12-02982 SI<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT** |

Plaintiff's motion to remand this case to state court and defendant's motion to dismiss were scheduled for hearing on August 10, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determined that these matters are appropriate for resolution without oral argument and vacated the hearing. For the reasons set forth below, the Court GRANTS the motion to remand. Because the Court lacks jurisdiction, it does not reach defendant's motion to dismiss, stay, or transfer.

**BACKGROUND**

**I.      The Instant Action**

On April 23, 2012, plaintiff Melissa Vigil, on behalf of herself and others similarly situated, filed this class action complaint in Alameda County Superior Court against HMS Host USA, Inc., Host International, Inc., Christian Henry, and Does 1 through 10 (the "*Vigil*" action). Defendants HMS Host

USA, Inc. and Host International, Inc. employed plaintiff as a non-exempt, hourly paid server at defendants' business at the Oakland, California airport ("Oakland airport business"). Compl. ¶ 25. Christian Henry ("Henry") was the store manager while plaintiff worked at defendants' Oakland airport business. Compl. ¶ 10. Plaintiff alleges a class action on behalf of "[a]ll non-exempt or hourly paid employees who worked for defendants at their Oakland, California airport location within four years prior to the filing of this complaint until the date of certification ("Class")." Compl. ¶18. Plaintiff asserts seven causes of action for violation of (1) California Labor Code §§ 510 and 1198 for unpaid overtime, (2) California Labor Code §§ 1194, 1197, and 1197.1 for unpaid minimum wages, (3) California Labor Code § 226(a) for non-compliant wage statements, (4) California Labor Code §§ 201 and 201 for wages not timely paid upon termination, (5) California Labor Code §§ 2800 and 2802 for unpaid business expenses, (6) Labor Code §§ 2698, *et seq.* (Private Attorney General Act), and (7) California Business & Professions Code §§ 17200, *et seq.*

Vigil filed her first amended complaint ("FAC") in the Alameda County Superior Court on June 7, 2012.[1] The following day, defendants removed this action to federal court, asserting (1) diversity jurisdiction under 28 U.S.C. § 1332 and, alternatively, (2) jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On June 15, 2012, defendants filed a motion to dismiss, stay or transfer. On July 6, 2012, Vigil filed a motion to remand this case to state court on the ground that this Court lacks subject matter jurisdiction.

## II. The *Batres-Medlock* action in the Central District of California

Prior to the filing of this action, on August 23, 2010, Cesar Batres and Maria DePerz filed suit against HMS Host USA, Inc. and Host International, Inc. in the Orange County Superior Court (the "*Batres* action"), alleging (1) failure to pay hourly wages including overtime, (2) failure to timely pay wages, (3) knowing and intentional failure to comply with itemized employee wage statement provisions, (4) violations of the Unfair Competition Law, (5) violation of Labor Code § 2698, *et seq*. The *Batres* action was removed to the Central District of California.

---

[1] Although plaintiff filed a FAC in state court, defendants' notice of removal is based on plaintiff's original complaint, and both parties' briefs reference the original complaint rather than the FAC. The Court does not have the FAC and therefore refers only to plaintiff's original complaint.

On September 15, 2010, plaintiff Melissa Vigil's counsel, Initiative Legal Group APC, filed a class action on behalf of Sandrika Medlock ("*Medlock* action") against HMS Host USA, Inc. and Host International, Inc. in the Fresno County Superior Court. The case was removed to the United States District Court, Eastern California, and then transferred to the Central District. On April 26, 2011, the Court ordered the *Batres* action and *Medlock* action (*"Batres-Medlock"*) consolidated for discovery and for filing a joint motion for class certification. However, there is no consolidated complaint, and the *Batres* and *Medlock* actions retained their operative pleadings. *Batres* filed a motion for class certification, which is currently pending in the Central District of California. *Medlock* did not join the motion and has missed its court deadline for class certification.

## LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a)(1); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The one exception to this standard arises when a non-diverse defendant is made a party to an action if fraudulently joined as a "sham" to defeat diversity. *Morris*, 236 F.3d at 1067. Allegations of fraudulent joinder can only succeed on a showing that there is an obvious failure to assert a cause of action against that defendant under well-settled rules of state law. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Morris,* 236 F.3d at 1067. The court may look beyond the pleadings and

1 consider affidavits or other evidence to determine if the joinder was a sham. *Morris*, 236 F.3d at 1068; 2 *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (9th Cir. 1995).

3 A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)). When ruling on a motion to remand, the court generally looks to the complaint. *See Miller v. Grgurich*, 763 F.2d 372 (9th Cir. 1985). Upon a defendant's removal of a case to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

Plaintiff moves to remand this case on the ground that there is no diversity jurisdiction because plaintiff Vigil and defendant Henry are both California residents. Pls.' Mot. to Remand at 1. The parties do not dispute that there is complete diversity among the remaining defendants. Defendants contend that removal to federal court was proper under the doctrine of fraudulent joinder, asserting that plaintiff lacks a cognizable claim against Henry. In the alternative, defendants assert that this Court has jurisdiction under CAFA. The Court finds that it lacks subject matter jurisdiction over this action because Henry was not fraudulently joined and CAFA jurisdiction does not apply.

**1. Diversity Jurisdiction**

A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332. Host Defendants argue that diversity jurisdiction exists

4

because plaintiff is a citizen of California and defendants are citizens of Delaware and Maryland. Defendants assert that Henry, the non-diverse individual defendant, "should be disregarded for purposes of diversity as his joinder is 'fraudulent.'" Notice of Removal of Action to Federal Court ("Notice of Removal") ¶12, Dkt. No. 1. Defendants argue that plaintiff's allegations in her complaint against Henry are "insufficient to allow the court to draw an inference that [Henry] is liable for any alleged misconduct." *Id.* ¶18.

Fraudulent joinder is one exception to the requirement of complete diversity under 28 U.S.C. § 1332. Fraudulent joinder "is a term of art" used to describe a non-diverse defendant who has been joined to an action for the sole purpose of defeating diversity. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In order to prove fraudulent joinder, the defendant must prove that the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe*, 811 F.2d at 1339). There is a heavy burden on the defendant as "[f]raudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc.*, 494 F.3d at 1206 (9th Cir. 2007), and "all disputed questions of fact and all ambiguities in the controlling state law are [to be] resolved in plaintiff's favor." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002). A defendant arguing for fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant; instead, he must show that the plaintiff "would not be afforded leave to amend his complaint to cure the purported deficiency." *Dickinson v. Allstate Ins. Co.*, 2010 U.S. Dist. LEXIS 11404, *1-2 (C.D. Cal. 2010).

Here, plaintiff's complaint alleges sufficient facts to support her claims against Henry. Plaintiff alleges that Henry was the:

> Store Manager for HMS HOST USA, INC. and HOST INTERNATIONAL, INC. At the Oakland airport location while Plaintiff was employed there . . . HENRY is named as a 'person acting on behalf of an employer' who violated . . . various sections of the applicable Industrial Welfare Commission Order which regulate days and hours of work.

5

Compl. ¶10. *See* Cal. Lab. Code § 558 ("Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work . . . shall be subject to a civil penalty . . ."). Plaintiff's complaint collectively refers to the HMS defendants and Henry as "defendants" and includes specific factual allegations to support her claims against all defendants, including Henry. For instance, plaintiff alleges that "managers would change the time Plaintiff and class members' clocked out to make it appear as if they had left work earlier than they had and would clock them out for meal breaks that they did not actually receive." Compl. ¶51. Plaintiff alleges that "restaurant managers would adjust Plaintiff and class members' times so that Plaintiff and class members would work off-the-clock and not accrue over time pay." *Id.* at ¶57. *See, e.g., id*. at ¶¶ 63, 69, 74. Thus, the complaint contains facts to support plaintiff's claims against Henry.

Defendants have failed to meet their heavy burden of showing that there is no possibility that the plaintiff will be able to establish a cause of action in state court against Henry. *See Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1120 (N.D. Cal. 2011) (Armstrong, J.). Even if plaintiff's complaint fails to state a claim as currently pled, defendants have made no argument that any deficiencies are incurable by amendment. *See Martinez v. General Dynamics C4 Systems, Inc.*, 2012 WL 1831569, *2 (N.D. Cal. 2012) (Chesney, J.) (rejecting fraudulent joinder attack where defendant did not assert, let alone show, the claimed deficiencies could not be cured by amendment).

Accordingly, without complete diversity, this Court lacks diversity jurisdiction over this complaint.

**2.    CAFA Jurisdiction**

Under CAFA, district courts have original jurisdiction in any civil action where (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) the aggregate number of proposed plaintiffs is 100 or greater; and (3) any member of the plaintiff class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2). CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6). Because CAFA permits federal court

6

jurisdiction where only minimal, rather than complete, diversity exists, "[s]ection 1332(d) thus abandons the complete diversity rule for covered class actions." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006). The Ninth Circuit has explained that CAFA did not disturb the traditional allocation of the burden of establishing removal jurisdiction, holding "that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id.* at 685; *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

Plaintiff posits that this Court lacks CAFA jurisdiction because plaintiff has pled an amount in controversy less than CAFA's requirement for federal jurisdiction, and defendants have not shown with legal certainty that the amount in controversy indeed exceeds CAFA requirements. "[W]here the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Here, plaintiff avers damages, including monetary, restitution, penalties, injunctive relief, and attorneys's fees, of less than five million dollars, exclusive of interest and cost.

Defendants proffer estimates that plaintiff's actual claims exceed the CAFA requirement. Defendants argue that the total damages of the claims are $3,813,766. Not. of Removal ¶ 37. Defendants then argue that the value of the injunction plaintiffs seek doubles that figure, because "the value to the defendant in enjoining the alleged violation is the cost of the damages created by those violations." *Id.* ¶ 37 (*citing International Padi, Inv. v. Diverlink*, 2005 WL 1635347, *1 (9th Cir. 2005). Defendants therefore argue that the total amount in controversy, excluding attorney's fees, is $7,627,532.

Defendants assert that plaintiff's claim for unpaid overtime is worth $1,350,737. Notice of Removal ¶33. Defendants make the following assertions to arrive at that figure: (1) approximately 421 putative class members worked during the relevant time period and (2) the average wage of each class member is $12.34. Defendants arrive at the class size and average pay by citing the declaration of Host International, Inc.'s human resources information systems analyst, Henry Tanjuatco ("Tanjuatco Decl."). Defendants then make the following assumptions: (1) each class member worked for an average of two years during the statute of limitations; (2) each class member worked one hour of

overtime per week for two years; (3) each class member was deprived of one meal period a week for two years. *Id.* Thus, according to defendants, the amount in controversy for overtime pay is $1,350,737, which is the sum of $810,442 (421 class members x $12.34 per hour x 1.5 overtime per week x 52 weeks x 2 years) and $540,295 (421 class members x $12.34 per hour x 1 missed meal period per week x 52 weeks x 2 years).

However, defendants' calculations require the Court to make assumptions that lack evidentiary support. *See Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist. LEXIS 86975, *24 (C.D. Cal. June 22, 2012). Defendants do not cite any evidence for its assumptions that each class member worked one hour of overtime per week and was deprived of one meal period per week. Plaintiff's complaint alleges that each class member worked an unspecified amount of overtime and that each are entitled to compensation for that time, but plaintiff does not allege facts to support the assumption that every class member is entitled to one hour of overtime every week. Nor does plaintiff's complaint support an assumption that every class member is entitled to compensation for one meal period every week. Additionally, defendants assume, again without explanation, that each class member worked for an average of two years, and defendants use that figure to calculate its estimate of unpaid overtime. However, assuming that each class member worked for an average of two years without providing factual or evidentiary support – plaintiff's complaint and Tanjuatco's declaration are silent on this point – does not rise to the requisite legal certainty standard. As such, "'[d]efendant[s'] calculations call for too much extrapolation and speculation' for the court to determine damages to a legal certainty." *Id. at *25* (quoting *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1224 (D.Haw. 2007)).

Next, defendants assert that based on plaintiff's allegations, defendants are liable for $1,016,000 for non-compliant wage statements and $322,829 for "waiting time penalties." Notice of Removal ¶¶ 34, 35. Defendants arrive at $1,016,000 by multiplying the $4,000 per affected employee maximum aggregate penalty imposed by California Labor Code section 226, by 254 of the proposed class members who worked during the relevant time. *Id.* Regarding the waiting time penalties, California Labor Code section 306 provides that former employees shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days. Cal. Lab. Code §203. Defendants arrive at $322,829

8

by multiplying the average wage of $12.01[2] an hour by the 112 proposed class members who separated from employment during the statutory time period by eight hours per day for thirty days. Again, defendants do not cite plaintiff's complaint nor provide concrete support for assuming the maximum penalty ($4,000 for section 226 and 30 days for section 203) for each class member. *See Garcia v. Roadlink USA Pacific, LLC*, 2011 U.S. Dist. LEXIS 60903 (C.D. Cal. Jun. 7, 2011) ("Defendants cannot assume that every classmember is seeking maximum penalties when plaintiffs did not allege so."). Moreover, defendants do not support their assumption that the 112 proposed class members worked an average of eight hours per day. By merely assuming the maximum aggregate penalty and average hours worked, defendants do not carry its heavy burden of proving damages with legal certainty. *See also Hernandez,* 2012 U.S. Dist. LEXIS 86975, *45-47; *Fletcher v. Toro Co.*, No. 08-cv-2275 DMS (WMC), 2009 WL 8405058, *9 (S.D. Cal. Feb. 3, 2009).

Moreover, without some evidentiary support, defendants may not simply assume that the value of an injunction is equivalent to the damages sought. The injunction plaintiff seeks is future compliance with California's wage and hour laws as they are applicable to defendants. The court in *Lopez v. Source Interlink Companies, Inc.*, 2012 U.S. Dist. Lexis 44288, *12 (E.D. Cal. Mar. 28, 2012) addressed this situation:

> Plaintiff's injunction will not create the costs associated with compliance because, if Plaintiff's allegations are true, Defendant is supposed to comply with state law regardless. Thus, the prospective costs of complying with the injunctive relief requested are incidental to that relief. Incidental costs are not included in the amount in controversy analysis. Thus, the costs of injunctive relief properly considered for remand purposes are costs such as restitution of improperly withheld wages, and not the cost of merely complying with the law.

*Id. (citing Parham v. McDonald's Corp.*, 2011 U.S. Dist. LEXIS 78778, at *1 (N.D. Cal. July 20, 2011)). The Court agrees with that reasoning and adopts it here. Defendants' assumption that the value of an injunction is equivalent to damages sought is not appropriate, at least in the context of a wage and hour class action that seeks compliance with the state labor code.

Because defendants' assumptions in its calculation of plaintiff's damages lack evidentiary support, these estimates do not satisfy the legal certainty standard required to establish CAFA's

---

[2] $12.01 per hour is the average wage of the 112 proposed class members who separated from employment during the relevant statutory time period. *See* Tanjuatco Decl. *¶4.*

9

jurisdictional amount. Defendants have not proven with legal certainty that the amount in controversy exceeds the $5,000,000 CAFA requirement. Accordingly, this Court lacks CAFA jurisdiction.[3]

Because the Court finds that it lacks subject matter jurisdiction, it does not resolve defendants' motion to dismiss, stay, or transfer. *See Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues.").[4]

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to hear this action and GRANTS plaintiff's motion to remand this complaint to the Superior Court of the State of California for the County of Alameda. The Court does not resolve defendants' motion to dismiss, stay, or transfer due to lack of jurisdiction.

Docket No. 8 and 19.

**IT IS SO ORDERED.**

Dated: August 10, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address defendants' calculations of plaintiff's PAGA and California Business & Professions code claims, because even if defendants' calculations of those claims met the legal certainty standard, that amount in controversy still falls short of the CAFA requirement due to the other deficiencies explained above.

[4] The Central District Court's decision on the *Batres* class certification is pending. If the Central District certifies a *Batres* class that subsumes the putative class in this action, defendants may move the state court to stay or dismiss the *Vigil* action. In the alternative, plaintiff can move to carve out her putative class.